JAMES McDEVITT ET AL., PROSECUTORS, v. SHORE YEL-
LOW CAB CO., A CORPORATION, ET AL., RESPOND-
ENTS.

Argued January 19, 1944—Decided April 12, 1944.

Before Justice CASE, DONGES and PORTER.

For the prosecutors, *Irving I. Jacobs.*

For the respondents, *Vincent S. Haneman.*

The opinion of the court was delivered by

CASE, J.   The writ brings up for review an order made by
Joseph Altman, Director of Parks and Public Property of
Atlantic City, revoking and ordering seized six municipal
taxicab licenses issued by Atlantic City to prosecutors for
the year from July 1st, 1943, to June 30th, 1944.

We find the facts to be as follows: Prosecutors, James
McDevitt and his associates, and respondent Shore Yellow
Cab Co., are the operators of competing taxicab services in
Atlantic City.   Respondent, as its corporate name indicates,
uses yellow as a distinguishing color of its taxicabs.   It and
its predecessors have done so for nearly twenty years.   At
and prior to the beginning of the present controversy respond-
ent was using a two-tone yellow paint coat.   Prosecutors
operate under the name of City Service Cab Co., have been

in business for eight or nine years and, until August, 1943, maintained, earlier, the colors of green and white, and, later, the colors of blue and white on their cabs, of which they had thirty-eight. In the summer of 1943 they purchased six second-hand cabs from the Philadelphia Yellow Cab Co. and undertook to operate them in Atlantic City in the two-tone yellow, paint that was on the cabs when purchased. Prosecutors were arrested on a charge of infringing the color scheme of the Shore Yellow Cab Co. in violation of a municipal ordinance which prohibited the use by one taxicab service of the color scheme, name, monogram or insignia of another taxicab service and were convicted in the Recorder's Court. On appeal the Atlantic Pleas reversed, not upon the merits, but upon a finding that, by the terms of the ordinance, the Director of Parks and Public Property had exclusive jurisdiction to hear the cause. Prosecutors thereupon varied their coloring by painting the tops of their cabs in white and the body and fenders in an orange-yellow and made a still further slight variation at the informal suggestion of the Director of Parks and Public Property. Nevertheless there remained a similarity in the body colors of the competing taxicabs in that while they were in different shades they nevertheless all carried a yellow body and were not, in all positions and all conditions of light, readily distinguishable. Prosecutors made another change which increased the resemblance of their recently acquired cabs to those long in use by respondents. They had carried the insignia of their service in decalcomania letters on the back door of their cabs whereas respondents carried its designation in block letters on the front door. Prosecutors transferred the lettering on the disputed cars to the front door and in block letters.

Atlantic City is a commission governed municipality (*R. S.* 40:72-1, *el seq.*). Under the authority of *R. S.* 40:72-4, which directs the distribution of judicial as well as of executive, administrative and legislative powers among the several departments, *Apple* v. *Atlantic City,* 104 *Atl. Rep.* 89 (not officially reported) ; *Foley* v. *Orange,* 91 *N. J. L.* 554, the supervision of taxicabs had been assigned by the Board of Commissioners to the Department of Parks and Public Prop-

erty. The municipality was empowered by statute to provide for the licensing of buses and for the revocation of licenses for sufficient cause and after notice and hearing. *R. S.* 40:52–1, 2.

Section 24(a) of the Atlantic City Ordinance No. 3 adopted in 1938 provides that:

"No vehicle covered by the terms of this ordinance shall be licensed if the color scheme or the name, monogram or insignia to be used thereon shall be in conflict with, or imitate any color scheme, monogram, name or insignia used by any other person, firm or corporation operating a taxicab or taxicabs in the municipality in such a manner as to be misleading or tend to deceive or defraud the public. If, after a license has been issued for a taxicab hereunder, the color scheme, name, monogram or insignia thereof is changed so as to be in conflict with, or, in the opinion of the Director, imitate any color scheme, monogram, name or insignia used by any other person, firm or corporation operating a taxicab or taxicabs in the municipality in such manner as to be misleading or tend to deceive or defraud the public, the license for such taxicab or taxicabs may be revoked or suspended by said Director in accordance with the provisions of Section 16(b)."

Commissioner Joseph Altman, Director of the Department of Parks and Public Property, revoked the prosecutors' licenses for the six taxicabs after he found, at a duly noticed hearing, that the newly adopted color scheme was in conflict with and imitated the color scheme of the taxicabs of the Shore Yellow Cab Co. so as to be misleading and tending to deceive or defraud the public. The order so made is the subject of this review.

Prosecutors first present that the City of Atlantic City and its Director of Parks and Public Property are without legal power or authority to revoke a municipal license and that an ordinance so ordaining is *ultra vires*. That the ordinance, the statute and the authorities are contrary to this contention is, we think, made clear by the citations, *supra*.

It is next said that the ordinance does not provide the machinery for a fair and impartial trial before the Director.

The Director, in our judgment, exercised the authority given to him by the statute and the ordinance. He conducted a hearing of which the prosecutors received ample notice. The prosecutors attended at that hearing and were represented by counsel. Witnesses were sworn and full opportunity for cross-examination was afforded. It is not contended that the proceeding, as it actually transpired, was not fairly conducted in accordance with our statutes and our decisions.

Prosecutors' third point is that they have not infringed upon the color scheme of the respondent. On that factual question we find to the contrary. Orange is a reddish yellow. Webster's New International Dictionary defines it as "any of the colors resembling those of oranges, varying in hue from reddish red-yellow to red-yellow * * *." We are satisfied not only that there has been an infringement but that the infringement was purposely accomplished for the purpose of drawing upon the trade which entertains a good will toward the taxicabs carrying the yellow coloring with its accompanying insignia. (Cf. Yellow Cab Company of Atlantic City v. Simon, 103 N. J. Eq. 392.) The judicial determination by the Director to that effect and his official act in consequence thereof are, we think, within the purview of the statute, the provisions of the pertinent ordinance and the division of authority effected by the City Commission.

Finally, it is advanced as a reason for reversal that "the Director having personally approved the color scheme of white and orange for prosecutors' taxicabs, was without legal authority to subsequently revoke prosecutors' licenses on their use of such approved color scheme of white and orange." The incident upon which the reason is based is that after the proceedings in the Recorder's Court and in the Pleas the prosecutors undertook to repaint the six cabs and when one was "finished in accordance with their viewpoint" it was shown to the Director who said that in his opinion "that wouldn't do." In the effort to get a result that would not confuse the riding public the Director suggested a further change. The change was made but did not accomplish the desired result. The Director testified "One night I saw one and I thought it was a yellow. * * * At first glance I thought it was

a yellow." There is other evidence to the same effect. We find nothing in that incident to establish it as an official approval of the colors used or to be used by the prosecutors or to deprive the Director of his powers under the ordinance. The paint on the prosecutors' cabs was changed after the licenses were issued. The change may have reduced the similarity in coloring but nevertheless the cabs as thus altered constituted an infringement. We conclude that the Director acted within his authority.

The respondent objects to the admission of certain photographic exhibits. The exhibits are perhaps lessened in evidential force by the circumstances to which respondent directs attention; they were nevertheless admissible.

The order under review will be affirmed, and the writ dismissed, with costs.